**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**-vs-**                **Case No. 6:13-cv-1611-Orl-28KRS**

**LENZER E. HERBERT,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 9)**
>
> **FILED:**   **October 29, 2009**

**I. PROCEDURAL HISTORY.**

    Plaintiff United States of America filed a complaint in this case against Defendant Lenzer E. Herbert alleging that Herbert owed $8,416.12, with prejudgment interest accruing at a variable rate of 8.20% or $0.72 per day, to the U.S. Department of Education (Department) based on a promissory note. Doc. No. 1. A verified Certificate of Indebtedness is attached to the complaint. Doc. No. 1-1.

    The complaint was served on Herbert's daughter, who was fifteen years of age or older, at the residence she shared with Herbert. Doc. No. 6-1. The process server averred that, upon inquiry, he learned that Herbert is not in active military service. *Id.*

Herbert failed to appear and respond to the complaint. Accordingly, the Clerk of Court entered a default against Herbert upon motion by the United States. Doc. No. 7, 8.

The United States now seeks entry of a default judgment against Herbert. Doc. No. 9. Herbert has not responded to the motion, and the time for doing so has passed.

## II.   APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

## III.   ANALYSIS.

"In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default." *United States v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007) (citations omitted). The body of the complaint does not allege that Herbert executed the promissory note, that the United States is the present holder of the note, or that the note is in default. The verified Certificate of Indebtedness attached to the complaint reflects that Herbert signed the promissory note to secure a loan from Indiana National Bank, which loan was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department. After Herbert defaulted on his obligation, the guarantor reimbursed the lender and the Department reimbursed the guarantor under

the reinsurance agreement. The "loan" was then assigned to the Department. There is no indication in the Certificate of Indebtedness, however, that the Department is the present holder of the note.

Under these circumstances, the facts alleged in the complaint and attached documents are insufficient to establish each of the elements necessary to support a finding of liability.[1]

## IV.   RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Motion for Entry of Default Judgment, Doc. No. 9, be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 20, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] In a renewed motion for entry of a default judgment, the United States must address the elements of the claim and show with specific citations to the complaint and attachments thereto facts establishing each element. A renewed motion should also address whether the United States should be required to tender the original promissory note(s) to be canceled before default judgment is entered.